ADAMS, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| EURO TYRES CORPORATION, et al., | ) | CASE NO. 5:08CV2953 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | JUDGE JOHN R. ADAMS |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| SK MACHINERY, CORP., | ) | AND ORDER |
| | ) | [RESOLVING DOC. 9] |
| Defendant. | ) | |

This action is before the Court upon defendant's Motion to Dismiss for Failure to Join Party (Doc. 9) pursuant to Fed. R. Civ. P. 12(b)(7). The Court has reviewed the memorandum in support and memorandum in opposition (Doc. 17). Defendant did not file a reply memorandum.[1] Defendant moves the Court to dismiss this action alleging failure to join a party pursuant to the joinder provisions of Fed. R. Civ. P. 19 or, in the alternative, to require that the plaintiff join their agent.

On December 18, 2008, plaintiffs Euro Tyres Corporation ("Euro Tyres Corp.") and

---

[1] The memorandum in opposition was served and filed electronically through the transmission facilities of the Court on February 17, 2009. Local Rule 7.1(e) provides:
> . . . the moving party may serve and file a reply memorandum in support of any dispositive motion within ten (10) days after service of the memorandum in opposition . . ., excluding intermediate Saturdays, Sundays, and legal holidays. If the moving party was served with the memorandum in opposition under Fed. R. Civ. P. 5(b)(2)(C), (D), (E) or (F), three days shall be added to the prescribed period as provided in Fed. R. Civ. P. 6(d).

Defendant's permissive reply memorandum was, therefore, due on March 6, 2009. Thus, the time for filing a reply has elapsed without a reply brief in support of the motion having been filed. *See* Local Rule 7.1(g).

Euro Tyres Manufacturing S.R.L. ("Euro Tyres S.R.L.") filed a three-count complaint against defendant SK Machinery, Corp. ("SK"). Plaintiffs allege that SK has failed to return an overpayment of $250,000 they made to SK on an invoice for machinery they purchased from SK. Count I is a claim for conversion. Count II is for replevin. Count III is for unjust enrichment.

On or about October 15, 2007, Euro Tyres Corp.'s wholly-owned subsidiary, Euro Tyres S.R.L., received a quote from SK for two 10" Hot Feed Extruders at a total purchase price of $543,778. The payment terms required a 40% down payment with the order, with the balance due at the time of shipment. On December 31, 2007, the plaintiffs issued a purchase order in the total amount of $543,778 for the two quoted extruders. On January 8, 2008, Euro Tyre sent a wire transfer of $217,511.20 directly to SK's bank account. This amount represented the down payment for the machinery. One week later, Euro Tyre sent a second wire transfer for $250,000 directly to SK's bank account. Plaintiff alleges that the second wire transfer was sent to SK's account in error. Complaint (Doc. 1) at ¶ 13.

SK shipped the goods that were the subject of the purchase order in or after June 2008. Despite having already received payments in the amount of $467,511.20 in satisfaction of the total purchase price of $543,778, on June 23, 2008, SK issued an invoice to Euro Tyre in the amount of $326,266.80. The invoice did not include a credit for the second payment made by Euro Tyre. "In reliance on SK's invoice, on or about July 1, 2008, Euro Tyre, *through* its agent,

paid what SK represented to Euro Tyre was owed on the account" (emphasis added). *Id.* at ¶ 18.[2]

Shortly thereafter, Euro Tyre discovered that SK had been overpaid by $250,000. Euro Tyre's agent contacted SK to make arrangements for the return of the overpayment. However, "in bad faith and/or with reckless disregard for the truth, SK denied receipt of the overpayment." *Id.* at ¶ 20. To date, SK has not returned "the funds erroneously transferred to SK's bank account." *Id.* at ¶ 23.

Euro Tyre utilized non-party Pelmar USA, LLC ("Pelmar") as its agent to remit its third and final payment to SK. Defendant contends "[a] sound basis for dismissal of Plaintiff's Complaint is failure to join party under Federal Rule of Civil Procedure 19." Doc. 9 at 2-3. It states "*[f]or argument purposes only*, if Plaintiff overpaid on this account[,] the overpayment was to their agent, not the Defendant" (emphasis added). *Id.* at 3. Defendant merely states, in conclusory fashion and without citation to authority other than Rule 19, that

> Without joining Plaintiff's agent the Defendant would be subject to a substantial risk of incurring inconsistent obligations. A third party agent of Plaintiffs exists and was paid the remainder owed on this account, however, Plaintiff chose to file suit against Defendant instead of the party who received the wire transfer. The third party agent should be required to be joined and answer for where the third payment was sent and what happened to the money.

The Court does not agree with the defendant that the joinder of plaintiffs' agent is required by Rule 19. *See Glancy v. Taubman Centers, Inc.*, 373 F.3d 656, 666 (6th Cir. 2004)

---

[2]This allegation is denied at ¶ 9 of the Answer (Doc. 15). Defendant argues that the plaintiffs made this payment "*to their agent*" (emphasis added). Doc. 9 at 3. This clearly misstates plaintiff's allegation. Defendant also argues that the plaintiffs do not "provide any proof that this payment was received by Defendant." *Id.* at 3. "At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we presum[e] that general allegations embrace those specific facts that are necessary to support the claim." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992) (internal quotation marks and citation omitted) (alteration in original).

3

(the Rule 19 analysis is a three step inquiry).  In light of the dearth of analysis provided by the defendant, the Court is unable to conclude that Pelmar constitutes a necessary, much less indispensable, party within the purview of that rule, or that the action should be dismissed for plaintiffs' failure to join Pelmar.  Nor is it readily apparent to the Court why defendant could not join Pelmar pursuant to Fed. R. Civ. P. 14 if it desired.  Accordingly,

>Defendant's Motion to Dismiss for Failure to Join Party (Doc. 9) is DENIED.

IT IS SO ORDERED.

| | |
|---|---|
| _March 10, 2009_ | _/s/ John R. Adams_ |
| Date | John R. Adams |
| | U.S. District Judge |