UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Euro Tyres Corp., et al., | Case No. 5:08CV2953 |
| Plaintiffs, | JUDGE JOHN R. ADAMS |
| vs. | [Resolves Doc. 54] |
| SK Machinery Corp., et al., | |
| Defendants. | MEMORANDUM OF OPINION |

This matter is before the Court upon a motion for summary judgment filed by Plaintiffs Euro Tyres Corporation and Euro Tyres Manufacturing S.R.L. (collectively, "Euro Tyres"). Doc. 54.  Defendant SK Machinery Corporation has responded in opposition to the motion, and Euro Tyres has replied.  For the reasons stated herein, the motion is GRANTED.

**I.     Facts**

The underlying facts of this matter are simple.  Euro Tyres manufactures tires and tubing for tires.  In 2007, Euro Tyres began building a manufacturing facility in Romania.  Third-party defendant Pelmar USA, LLC was hired to manage the construction of the facility.  As part of the project, Euro Tyres needed two hot feed extruders to produce the rubber it would later use at the facility.  Pelmar sought out a company to manufacture the extruders.  Through its work, Pelmar negotiated a contract with SK Machinery. The total price of the extruders was set at $543,778. The contract required that Euro Tyres make a 40% down payment immediately and pay the remainder of the price at the completion of the manufacturing.  Euro Tyres made the initial down payment in the amount of $217,511.20 on January 8, 2008.  On January 15, 2008, Euro Tyres

1

made a second payment, this time in the amount of $250,000. This second payment was not contemplated in the parties' contract. On June 23, 2008, Euro Tyres made a final payment in the amount of $326,266.80. This final payment was made to Pelmar rather than directly to SK Machinery. As a result, Euro Tyres made payments in excess of the written contract amount in the amount of $250,000. Euro Tyres made several requests for return of the overpayment, but SK Machinery to date has not returned any funds.

On December 18, 2008, Euro Tyres filed the instant action. The complaint contains three counts: 1) conversion, 2) replevin, and 3) unjust enrichment. In total, Euro Tyres seeks the return of its $250,000 overpayment. SK Machinery answered the complaint and filed a third-party complaint against Pelmar. In that complaint, SK Machinery claims that Pelmar improperly deducted certain amounts from the final payment made by Euro Tyres. On July 27, 2009, Euro Tyres moved for summary judgment on each count in its complaint. SK Machinery responded in opposition, and Euro Tyres replied. The Court now resolves the motion.

**II.     Legal Standard**

Summary judgment is proper if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The initial burden of proving the absence of any "genuine issues" is borne by the moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

*Id.* A fact is "material" only if its resolution will affect the outcome of the lawsuit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Determining whether a factual issue is "genuine" requires considering the applicable evidentiary burdens. *Id.* at 252. Moreover, when deciding a motion for summary judgment, the court must view the evidence and draw all reasonable inferences in favor of the non-moving party. *Matsushito Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986); *Ciminillo v. Streicher*, 434 F.3d 461, 464 (6th Cir. 2006).

Once the moving party has satisfied its burden of proof, the burden then shifts to the non-moving party. The non-moving party may not simply rely on its pleadings; rather, it must "produce evidence that results in a conflict of material fact to be resolved by a jury." *Cox v. Kentucky Dept. of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995). Moreover, Fed. R. Civ. P. 56(e)(2) states:

> When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must—by affidavits or as otherwise provided in this rule—set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

Accordingly, summary judgment analysis examines whether a trial is necessary and judgment is therefore appropriate when there are no genuine issues of material fact. *Anderson*, 477 U.S. at 250.

### III. Legal Analysis

#### A. Conversion

In its first claim, Euro Tyres claims that SK Machinery converted its funds. Under Ohio law, "conversion is the wrongful exercise of dominion over property to the exclusion of the rights of the owner, or withholding it from his possession under a claim inconsistent with his

3

rights." *Joyce v. GM Corp.*, 49 Ohio St.3d 93, 96 (1990).  In this claim, Euro Tyres seeks damages in the amount of $151,629.20. This figure represents the amount of the overpayment made by Euro Tyres that was actually received by SK Machinery.  It does not include the amount retained by Pelmar from the final payment made by Euro Tyres.

It is undisputed that SK Machinery received $151,629.20 more than the terms of the written contract.  However, SK Machinery claims that it was owed an additional amount because oral amendments were made to the parties' contract.  SK Machinery is correct that oral amendments are permissible:

> The general rule is that a written contract may be orally amended if the oral amendment has the essential elements of a binding contract.  In order to have a binding contract, there must be an offer, acceptance, contractual capacity, consideration, a manifestation of mutual assent and legality of object and of consideration. A verbal agreement to be effectual as a waiver, variation, or change in the stipulations of a prior written contract between the parties, must rest upon some new and distinct legal consideration, or must have been so far executed or acted upon by the parties, that a refusal to carry it out would operate as a fraud upon one of the parties.

*Glenmoore Builders, Inc. v. Smith Family Trust,* 2009 WL 1862541, at *7 (Ohio Ct. App. June 30, 2009) (citations, quotations, and alterations omitted).  SK Machinery, however, has failed to offer any evidence of the terms of any purported oral amendment.

In support of its argument that oral amendments to the written purchase order were made, SK Machinery relies upon the affidavit of its owner, Soroosh Khoshbin.  Khoshbin stated as follows in that affidavit:

> In February, there was a request made by Mr. John Frye to change the gear box from the original quote[.] … I stated this would cost significantly more money and was assured by Mr. Frye verbally, as is usual in this line of business, that we would settle up at the end when all of the costs came in.
>
> In March, there was another request made by Mr. John Frye to redesign the two bases[.] …I spoke with John Frye again about not only the extra expenses being

4

>incurred, which would cost an extra $90,000, but the issue of time.  He told me not to worry, that we would "square up" at the end and insisted that it could be done on time even with such changes.

Doc. 57-1 at 1.  While Pelmar's employee, John Frye, denies the content of these paragraphs, the Court must accept them as true for the purposes of summary judgment.  Accepting them as true, SK Machinery has failed to demonstrate that the written contract was amended.

The evidence in support of the alleged amendments consists entirely of Khoshbin's affidavit.  SK Machinery never issued any change orders.  For that matter, no written documentation of any kind supports the specific allegations made by Khoshbin.  Additionally, Khoshbin prepared a final invoice on June 23, 2008, well after these alleged amendments occurred.  The final invoice made no mention of any of these amendments and made no claim for payment under any of these amendments.  It was not until Euro Tyres sought return of its overpayment that SK Machinery made its amendments claim.  Overlooking the issue of whether this self-serving affidavit creates a "genuine" issue of material fact, the Court still finds summary judgment to be appropriate.

SK Machinery has never established the essential terms of the alleged amendment.  There is no indication that SK Machinery ever provided a specific amount to Pelmar or Euro Tyres regarding the cost of any of the alleged changes.  Furthermore, there is nothing to suggest that either Pelmar or Euro Tyres ever agreed to pay a particular amount.  One essential term of a contract is price.  *Alligood v. Proctor & Gamble Co.*, 72 Ohio App.3d 309, 311 (Ohio Ct. App. 1991).  While Khoshbin claims that he gave estimates of the total costs of these changes, there is no evidence that any party agreed even to the estimates.  Instead, Khoshbin claims that Frye indicated that the parties would "settle up" at the end of the contract.

In a light most favorable to SK Machinery, again discounting all other evidence, Khoshbin's affidavit would at best demonstrate an agreement to agree. Under Ohio law, such agreements are not per se unenforceable. "The enforceability of such an agreement depends rather on whether the parties have manifested an intention to be bound by its terms and whether these intentions are sufficiently definite to be specifically enforced." *Normandy Place Associates v. Beyer*, 2 Ohio St.3d 102, 105-06 (1982). As demonstrated above, there is no evidence that Euro Tyres intended to make any future payments, let alone any intentions that are sufficiently definite to be enforced. For that matter, there is a lack of evidence that even SK Machinery intended to be bound by the alleged amendments. SK Machinery never invoiced the amounts at issue under the amendments and never sought to collect those amounts at any time prior to this litigation. As such, SK Machinery falls woefully short of demonstrating any amendment to the parties' written agreement.

The undisputed evidence indicates that SK Machinery received $151,629.20 more than it was entitled to under the contract. Despite requests that it return the overpayment, SK Machinery declined to do so. Euro Tyres, therefore, has demonstrated the elements of conversion and judgment in its favor on the conversion claim is appropriate.

SK Machinery's remaining arguments on this count attempt to do little more than introduce extraneous information. First, SK Machinery makes a claim that Euro Tyres improperly withdrew money from a letter of credit. That letter of credit, however, was a separate agreement related to warranty issues. SK Machinery has not pled a breach of that agreement, and this Court will not let it interject a separate breach of contract action into this matter at this late date. Likewise, SK Machinery's complaints about Pelmar's conduct and Pelmar's insistence

that SK Machinery absorb certain costs are not relevant to this action. Instead, those complaints lie at the heart of the third-party complaint, a complaint not at issue herein.

### B. Unjust Enrichment

In its unjust enrichment claim, Euro Tyres seeks the return of $98,379.80. Euro Tyres arrives at this amount because it claims that Pelmar deducted this amount from Euro Tyres' final payment to eliminate debt that SK Machinery owed to Pelmar. The Court finds merit in this argument.

In order to recover under a theory of unjust enrichment, the following elements must be proved: (1) the plaintiff conferred a benefit upon the defendant, (2) the defendant had knowledge of the benefit, and (3) circumstances render it unjust or inequitable to permit the defendant to retain the benefit without compensating the plaintiff. *Hambleton v. R.G. Barry Corp.*, 12 Ohio St.3d 179, 183 (1984). Herein, there is no dispute of fact surrounding Euro Tyres' claim of unjust enrichment.

It is undisputed that Euro Tyres wired $326,266.80 to Pelmar as its final payment under the contract. Pelmar deducted $98,379.80 from this amount and forwarded the remainder to SK Machinery. In email correspondence, Pelmar explained the deductions as follows:

> $63,266.80 deduction was the remaining commission due to Pelmar US from SK.
>
> $27,104.00 deduction was the return of overpayment by Pelmar US to SK for the Extruder Head we purchased for the Eurortire-13 CFE's.
>
> $8,000 deduction was the payment for the HFE head that John said Soroosh still owed Pelmar US.

Doc. 54-15 at 2. Accordingly, the evidence is undisputed that Pelmar removed SK Machinery's debt from its books using the payment made by Euro Tyres. As such, Euro Tyres conferred a benefit upon SK Machinery. SK Machinery was aware that Pelmar was taking its actions.

7

Finally, it would be unjust for SK Machinery to retain the benefit without compensating Euro Tyres.

SK Machinery's sole argument in regard to this claim consists of the fact that it now disputes that it owed any monies to Pelmar. However, regardless of such a dispute, the material undisputed facts remain unchanged. Pelmar removed SK Machinery's debt from its books based upon monies paid by Euro Tyres. Furthermore, were this Court to refrain from ordering SK Machinery to repay Euro Tyres, it would be inserting Euro Tyres into the dispute between Pelmar and SK Machinery. Any such dispute, as detailed in the third-party complaint, is between Pelmar and SK Machinery. If in fact the evidence later demonstrates that Pelmar had no right to deduct monies from the final payment, SK Machinery will be made whole. However, nothing about the pending third-party complaint warrants denying Euro Tyres relief. As such, judgment on the unjust enrichment claim in favor of Euro Tyres is appropriate.

### C. Replevin

Having found that Euro Tyres is entitled to judgment in total in the amount of $250,000, its claim for replevin is moot. Damages from the prior to actions will make Euro Tyres whole. Accordingly, the Court dismisses the replevin count as moot.

### IV. Conclusion

Based upon the reasons stated herein, Euro Tyres' motion for summary judgment is GRANTED. Judgment in the amount of $250,000 is entered against SK Machinery in favor of Euro Tyres Corporation and Euro Tyres Manufacturing S.R.L.

IT IS SO ORDERED.

| | |
|---|---|
| January 4, 2010 | /s/ John R. Adams |
| Date | JOHN R. ADAMS |
| | UNITED STATES DISTRICT JUDGE |