UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Euro Tyres Corp., et al., | ) | Case No. 5:08CV2953 |
| | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| vs. | ) | |
| | ) | [Resolves Doc. 68] |
| SK Machinery Corp., et al., | ) | |
| | ) | |
| | ) | MEMORANDUM OF OPINION |
| Defendants. | ) | |

This matter is before the Court upon a motion for prejudgment interest and costs filed by

Plaintiffs Euro Tyres Corporation and Euro Tyres Manufacturing S.R.L. (collectively, "Euro

Tyres").  Doc. 68.  Defendant SK Machinery Corporation responded in opposition to the motion

(Doc. 70), and the Court now resolves the matter.  For the reasons stated herein, the motion is

GRANTED.

On January 4, 2010, this Court granted summary judgment in favor of Euro Tyres on its

claims of conversion and unjust enrichment.  Euro Tyres now seeks prejudgment interest on both

awards.  Euro Tyres also seeks to tax its costs in this matter.  SK Machinery has opposed both

requests.

## I.  Prejudgment Interest

Ohio law has long recognized that prejudgment interest may be appropriately awarded in

conversion actions.

> Although Ohio common law did not generally allow prejudgment interest in civil
> actions based on tortious conduct, an action in conversion was a well-established
> exception.  "Ohio courts have long recognized that the common law provides that

1

interest in actions based upon the tortious conversion of personal property may run from the time of the conversion." However, the precise date for the calculation of the interest remains in the sound discretion of the court.

*Cugini and Capccia Builders, Inc. v. Ciminello's, Inc.*, 2006 WL 3111800, at *5 (Ohio Ct. App. Sept. 19, 2006) (citations omitted).  Likewise, Ohio courts have permitted prejudgment interest awards on claims of unjust enrichment.

A claim for unjust enrichment constitutes a quasi-contractual claim and falls under the purview of R.C. 1343.03(A), not R.C. 1343.03(C).  Once the jury determined that [the plaintiff] was entitled to $301,597.34 in unjust enrichment damages, the trial court was obligated to award [it] prejudgment interest on that claim. The only matter left to the court's discretion was the determination of the date on which the prejudgment interest began to accrue.

*Desai v. Franklin*, 177 Ohio App.3d 679, 696 (2008) (citations omitted); *but, see, Cantwell Machinery Co. v. Chicago Machinery Co.*, 2009 WL 2783956, at *5 (Ohio Ct. App. Sept. 3, 2009) (finding that an unjust enrichment claim does not support an award of prejudgment interest).  The primary question that must be answered prior to awarding prejudgment interest is whether the aggrieved party has been fully compensated.  *Royal Elec. Const. Corp. v. Ohio State Univ.*, 73 Ohio St.3d 110, 116 (1995).

In response to Euro Tyres' motion, SK Machinery has made no argument that the law does not permit this Court to impose prejudgment interest.  Instead, SK Machinery attempts to parse the language in this Court's order on summary judgment in an effort to demonstrate that the Court has previously determined that Euro Tyres has been made whole.  This attempt was unsuccessful.  The Court has not previously determined whether prejudgment interest is appropriate.  Simply stated, no argument was presented in the summary judgment motion regarding prejudgment interest.  The Court, therefore, had no reason to address the issue and did not do so.

2

Given the state of the law in Ohio, the Court finds that an award of prejudgment interest is appropriate and necessary to fully compensate Euro Tyres. On June 27, 2008, SK Machinery received the final payment from Euro Tyres and at that time SK Machinery had debt removed from Pelmar's accounts by Pelmar's retention of certain funds. At that time, SK Machinery should have known that it had received $250,000 more than required under the contract. Despite repeated attempts by Euro Tyres to convince SK Machinery to return the overpayment, SK Machinery flatly refused to return *any* of the overpayment. Accordingly, the Court finds that Euro Tyres will only be fully compensated with an award of prejudgment interest commencing on June 27, 2008 at the rate described in Ohio Revised Code §§ 1343.03 and 5703.47. This interest will be calculated on the entirety of the $250,000 overpayment.

## II. Costs

Fed.R. Civ.P. 54(d) states in relevant part that "costs--other than attorney's fees--should be allowed to the prevailing party." The Sixth Circuit has held that "this language creates a presumption in favor of awarding costs, but allows denial of costs at the discretion of the trial court." *Singleton v. Smith*, 241 F.3d 534, 539 (6th Cir. 2001) The Circuit has also identified "several factors a losing party may put forward that may be sufficient to justify a district court in overcoming the presumption in favor of a cost award, including the losing party's good faith, the difficulty of the case, the winning party's behavior, and the necessity of the costs." *Id.*

In its motion, Euro Tyres seeks to tax the costs of several depositions, copies, and the cost of using a process server. In its opposition, SK Machinery has not contested that these types of costs are properly taxed under Rule 54 and 28 U.S.C. § 1920. Instead, SK Machinery's sole argument against the assessment of costs is that the depositions that were taken by Euro Tyres consisted entirely of employees of the third-party defendant Pelmar. SK Machinery contends

3

that taxing these costs would be akin to punishing it for filing a third-party complaint.  The Court disagrees.

Pelmar's employees were central to this litigation regardless of the filing of the third-party complaint.  Pelmar was Euro Tyres' agent during the contracting process, and SK Machinery consistently claimed that it had orally amended the contract at issue through discussions with Pelmar employees.  Accordingly, the depositions of those employees were reasonable and necessary for the prosecution of this action.  As such, those costs are properly taxed against SK Machinery.

Having reviewed the submitted costs, the Court finds that each cost was reasonable and necessary to prosecute this action.  Costs in the amount of $4,657.51 are taxed against SK Machinery and in favor of Euro Tyres.

For the foregoing reasons, Euro Tyres' motion for prejudgment interest and costs is GRANTED.

IT IS SO ORDERED.


_January 28, 2010___  _____          __/s/ John R. Adams_____
Date                                              JOHN R. ADAMS
                                                  UNITED STATES DISTRICT JUDGE

4